October 25, 2019

**VIA CM/ECF**

Hon. Ronnie Abrams, United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, NY 10007

    Re:    *Monosson v. Teekay Offshore Partners, L.P.*,
             Index No.: 1:19-cv-07522-RA (Related to Case No. 1:19-cv-06483-RA)

Dear Judge Abrams:

    We write on behalf of Plaintiffs Steven A. Monosson and Mark Whiting ("Plaintiffs"), and Defendants Teekay Offshore Partners L.P. ("Teekay" or the "Company"), Teekay Offshore GP L.L.C. (together with Teekay, the "Teekay Defendants"), Brookfield Asset Management, Inc., Brookfield Business Partners, L.P. (together with Brookfield Asset Management, Inc., the "Brookfield Defendants"), William Utt, Ian Craig, Craig Laurie, David Lemmon, William Transier, Walter Weathers, Jim Reid, Denis Turcotte, and Cyrus Madon (collectively, "Defendants"),[1] in the above-captioned action.  Pursuant to your Individual Rules and the Court's order dated September 9, 2019 (ECF No. 15), the parties submit this joint letter in advance of the Initial Case Management Conference at 10:00 a.m. November 1, 2019.

    We also write in response to the Court's order dated October 15, 2019 (ECF No. 27). Plaintiffs confirm that they intend to consolidate this action with the related action, *J. Deal Partnership I, L.P. v. Teekay Offshore Partners, L.P.*, No.: 1:19-cv-06483-RA (the "Related Action").  Plaintiffs in this action and the Related Action have filed a proposed Joint Stipulation and Order for Consolidation, Appointment of Lead Plaintiffs, and Selection of Lead Plaintiffs' Counsel as Lead Counsel on October 25, 2019 (ECF No. 46 in the Related Action).  Plaintiffs also incorporate by reference the Case Management Plan and Scheduling Order filed in the Related Action.

    In response to the Court's September 9, 2019 order, the parties state the following:

1.    <u>A Brief Description of the Nature of the Action and the Principal Defenses Thereto</u>

<u>Plaintiffs' Position</u>

    This action arises from an attempt by Brookfield Business Partners, L.P. ("Brookfield") and its affiliates to seize sole control of Teekay by squeezing out the Company's minority interest holders at a fraction of what their equity is worth.  Plaintiffs are minority investors in Teekay who,

---

[1] Plaintiffs effected service on Ingvild Saether and Jan Rune Steinsland on October 4, 2019, but have not yet received a response from them or their counsel.  Plaintiffs are in the process of locating and effecting service on Kenneth Hvid, and Greg Morrison, who both reside outside of the United States of America.

collectively, hold or control approximately 2 million of the Company's common units. Defendants are the Company, its general partner, Teekay Offshore GP L.L.C. (the "General Partner"), members of the Board of Directors of the General Partner, executives of Teekay, the CEO of Brookfield (together with Teekay's executives and the members of the Board, the "Individual Defendants"), and Teekay's majority owner, Brookfield, along with Brookfield's affiliate Brookfield Asset Management, Inc. ("BAM").

Brookfield has owned the majority of the publicly traded common units of Teekay since 2017. Since then, Brookfield has used its financing leverage to solidify its control over the Company at the expense of the minority unitholders by, among other things, (i) terminating distributions to the other unitholders notwithstanding Teekay's improving cash flow; (ii) taking on unnecessary debt to bury Teekay's common units within the Company's capital structure; and (iii) growing its share of the Company to 74% by squeezing out Teekay's corporate parent at a below-market price. These steps culminated in a May 17, 2019 offer by Brookfield to buy out the remaining unitholders at $1.05 per unit, a 10% discount to the then-current market price, and an over 70% discount to its market price from the month prior. Moreover, based on public information, the liquidation value of the Company likely exceeds $2.60 per unit.

Brookfield has pitched this offer as a merger to be approved by the Conflicts Committee of the General Partner's Board of Directors, which would protect the transaction within a "Special Approval" safe harbor outlined in Teekay's Sixth Amended and Restated Agreement of Limited Partnership (the "LP Agreement"). The Complaint alleges, however, that the committee was itself conflicted. This has irrevocably tainted the sales process and forced the transaction outside of the "Special Approval" provision of the LP Agreement.

By this complaint, Plaintiffs have asserted claims for breach of fiduciary duty, breach of the LP Agreement, and breach of the implied covenant of good faith and fair dealing present in that LP Agreement (or, in the alternative as to the Brookfield Defendants, for, tortious interference with the agreement, or aiding and abetting fiduciary duty breaches).

Defendants' Position

This case is a vain effort by activist investors to manufacture a dispute to attempt to prevent the consummation of a proposed transaction that will not only preserve the operations of Teekay Offshore Partners L.P. ("TOO," the "Partnership," or "Teekay"), but fairly compensate those investors for their investment. The Complaint's allegations center on Brookfield's May 17, 2019 offer to the General Partner's Conflicts Committee. However, this offer was made in accord with the Teekay Limited Partnership Agreement's (the "LPA") safe harbor for cleansing any potentially conflicted transaction. In short, the Plaintiffs' Complaint asserts woefully deficient, mooted, and improper claims.

Plaintiffs' claims for breach of fiduciary duty, breach of contract, and aiding and abetting breach of fiduciary duties must be dismissed for multiple reasons. First and foremost, the LPA expressly waives fiduciary duties and replaces them with a contractual "good faith" standard, with which Defendants have complied. Second, Plaintiffs' attempt at bootstrapping obligations from the General Partnership Agreement to the proposed transaction cannot stand (and Plaintiffs' aiding and

abetting breach of fiduciary duties claim fails for the same reason). Third, any such claims are derivative claims under Marshall Islands law, and Plaintiffs have failed to comply with the pleading requirements of Fed. R. Civ. P. 23.1(b) to maintain such an action in federal court. Fourth, even if these claims are direct and not derivative claims (and they are not), Plaintiffs have failed to plead sufficient facts that any defendant breached the LPA. Fifth, the only defendant that is even a party to the LPA is the General Partner.

Plaintiffs' claim for breach of an implied covenant of good faith and fair dealing likewise must be dismissed, as Marshall Islands law recognizes no such implied covenant where, as here, the contract addresses the conduct at issue and such a claim is duplicative of Plaintiffs' breach of contract claim. In any event, Defendants at all times acted in good faith.

Finally, Plaintiffs allege a claim of tortious interference against Brookfield. Plaintiffs' tortious interference claim cannot stand because, as explained above, (i) the Plaintiffs allege no underlying breach of contract; (ii) the Plaintiffs' allegations that, by making an offer, Brookfield intentionally and improperly procured a breach of the LPA is insufficient to show the required element of improper means; and (iii) the Plaintiffs do not make a single allegation that Brookfield are third parties to the LPA (and instead, repeatedly allege that Brookfield is under certain duties under the LPA).

2. A Brief Explanation of Why Jurisdiction and Venue Lie in This Court

Plaintiffs' Position

Jurisdiction and venue belong to this Court for the following reasons:

*First*, at least one named plaintiff and one named defendant are citizens of different states and the amount in controversy is over $5,000,000, so this Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d). Plaintiffs are individuals who are domiciled in California.

*Second*, each defendant has consented to personal jurisdiction by causing Teekay to move forward with the challenged transaction for the sale of outstanding common units, which trade exclusively on the NYSE, resulting in harm to the market and investors located in New York. Because Teekay common units trade exclusively on the NYSE and Defendants have therefore directed their activities toward this district, venue is proper under 28 U.S.C. §1391.

*Third*, the challenged transaction was negotiated, coordinated, and finalized in New York City by the Brookfield Defendants, Teekay, and the Brookfield Defendants' New York-based counsel, Kirkland & Ellis LLP.

*Fourth*, on information and belief, the Individual Defendants regularly conduct business in New York City.

*Fifth*, the general partnership agreement has a forum selection clause naming New York County state court and the Southern District of New York as the exclusive jurisdiction in which the

parties agree to resolve disputes under the agreement. The Equity Commitment Letter that lines up financing for the Merger also contains a provision whereby the parties agree to bring any actions "seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Equity Commitment Letter or the transactions contemplated hereby" exclusively in New York state court and the Southern District of New York. Plaintiffs, who are Teekay Limited Partnership unitholders, are third-party beneficiaries or are closely related to the parties of these agreements.

Defendants' Position

The Plaintiffs' Complaint cannot stand because it suffers from critical personal jurisdictional defects. First, any purported exercise of general jurisdiction is not proper because the corporate Defendants are foreign entities headquartered and incorporated outside the United States, and the Plaintiffs present no circumstances that would make them "at home" in this forum. Furthermore, all but one of the named individual Defendants are domiciled outside of New York.

Second, the Plaintiffs unsuccessfully attempt to invoke New York's long arm statute. This exercise fails as well, since (i) the activities that the Plaintiffs put forward do not constitute a "transaction of business" for purposes of CPLR § 302(a)(1) since the Plaintiffs fail to allege that Defendants were physically present in New York for the coordination of the proposed transaction and listing shared on the NYSE is insufficient; (ii) the Plaintiffs' claims do not arise from any purported activity in New York, since Plaintiffs fail to show a nexus between Defendants' alleged New York-related activity and the specific alleged injury here; (iii) as argued above, no Defendants committed a tort within New York as required under CPLR § 302(a)(2); and (iv) no allegedly tortious act caused harm to any person or property within New York as required by CPLR § 302(a)(3) in part because none of the Plaintiffs are citizens or domiciliaries in New York, making it unclear how they could have felt any purported effect in the state. As a result, the Complaint must be dismissed due to failure to establish personal jurisdiction over Defendants.

Additionally, because Defendants do not reside in this forum, substantial events giving rise to the Plaintiffs' claims did not occur here, this Court does not have personal jurisdiction over Defendants, and any alleged forum selection clause in the General Partnership Agreement is inapposite, venue is likewise improper.

3.  A Brief Description of All Contemplated and/or Outstanding Motions

Plaintiffs' Position

As of October 25, 2019, no motion is currently pending before this Court. Plaintiffs intend to consolidate this action with the Related Action and have filed a proposed joint stipulation and order for consolidation. Plaintiffs expect to file a consolidated complaint, and possibly seek injunctive relief, after reviewing the election materials.

Defendants' Position

The Plaintiffs filed their Complaint in this matter on August 12, 2019. Prior to that, on July 12, 2019, plaintiffs in the Related Action filed a separate complaint based on similar allegations. On

September 5, 2019, this Court designated this action as related to the Related Action. Since then, Defendants' counsel is aware of efforts between counsel for the Plaintiffs and counsel for the plaintiffs in the Related Action to consolidate the two matters. Plaintiffs have drafted a joint stipulation which proposes to consolidate their cases under the caption *In re Teekay Offshore Partners L.P. Common Unitholders Litigation*, C.A. No. 19-cv-6483-RA and have informed Defendants' counsel that they intend to file the stipulation on October 24, 2019. According to the stipulation, Plaintiffs intend to file an amended complaint within 20 days of (i) the granting of the stipulation or (ii) receipt of the election materials described in Teekay Offshore Partners L.P.'s October 1, 2019 press release, whichever is later. In response, Defendants intend to move to dismiss the amended complaint within 45 days of the amended complaint's filing.

    4.    A Brief Description of Any Discovery that Has Already Taken Place, and/or that Which Will Be Necessary for the Parties to Engage in Meaningful Settlement Negotiations

Plaintiffs' Position

No discovery has yet taken place. Plaintiffs anticipate that targeted discovery with respect to jurisdiction, the composition of the Conflicts Committee and the materials they reviewed, the Company's financial condition, and Brookfield's strategic plans for acquiring Teekay will be necessary before the parties can engage in meaningful settlement negotiations.

Defendants' Position

The parties have not yet engaged in discovery. Because the Plaintiffs have failed to establish a prima facie case for jurisdiction, which is required to seek jurisdictional discovery, Defendants would oppose any such effort by the Plaintiffs. Defendants are willing to engage in good faith negotiations to discuss appropriate discovery topics, but do not believe any discovery should take place prior to the resolution of Defendants' anticipated motions to dismiss the amended complaint.

    5.    A Brief Description of Prior Settlement Discussions (Without Disclosing the Parties' Offers or Settlement Positions) and the Prospect of Settlement

Plaintiffs' Position

Plaintiffs have not yet had settlement discussions with any of the Defendants. Plaintiffs will need to review the forthcoming election materials and the discovery referenced above before they will be able to evaluate a potential settlement.

Defendants' Position

The parties have not yet engaged in settlement discussions, as most conversations with counsel for the Plaintiffs have focused on consolidation of the Plaintiffs' case with that of the Related Action plaintiffs. Defendants believe that any settlement discussions with the Plaintiffs would be more fruitful post-consolidation.

Hon. Ronnie Abrams
October 25, 2019
Page 6

6. <u>The Estimated Length of Trial</u>

<u>Plaintiffs' Position</u>

Plaintiffs estimate that a trial will take between five to ten days.

<u>Defendants' Position</u>

Defendants estimate that allotting five to ten days for trial would be sufficient in this matter.

7. Any Other Information that the Parties Believe May Assist the Court in Advancing the Case to Settlement or Trial, Including, but Not Limited to, a Description of Any <u>Dispositive Issue or Novel Issue Raised by the Case</u>

<u>Plaintiffs' Response</u>

Plaintiffs have asked Defendants' counsel when election materials will be issued. Defendants' counsel, to date, have represented that they do not yet know when these materials will be issued.

<u>Defendants' Response</u>

Defendants believe that they have outlined all relevant issues in the preceding sections.

Sincerely,
SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ Thomas Laughlin
Thomas Laughlin

*Counsel for Plaintiffs Steven A. Monosson and Mark Whiting*

Matthew O. Solum, P.C.
Terence Y. Leong
KIRKLAND & ELLIS LLP

*Attorneys for Defendants Brookfield Asset Management, Inc., Brookfield Business Partners, L.P., Cyrus Madon, Jim Reid, and Denis Turcotte*

Richard B. Harper
David D. Sterling
BAKER BOTTS L.L.P.

*Attorneys for Defendants Teekay Offshore Partners, L.P., Teekay Offshore GP, LLC, William Utt, Ian Craig, Craig Laurie, David Lemmon, Walter Weathers, and Bill Transier*

Hon. Ronnie Abrams
October 25, 2019
Page 6

6. The Estimated Length of Trial

Plaintiffs' Position

Plaintiffs estimate that a trial will take between five to ten days.

Defendants' Position

Defendants estimate that allotting five to ten days for trial would be sufficient in this matter.

7. Any Other Information that the Parties Believe May Assist the Court in Advancing the Case to Settlement or Trial, Including, but Not Limited to, a Description of Any Dispositive Issue or Novel Issue Raised by the Case

Plaintiffs' Response

Plaintiffs have asked Defendants' counsel when election materials will be issued. Defendants' counsel, to date, have represented that they do not yet know when these materials will be issued.

Defendants' Response

Defendants believe that they have outlined all relevant issues in the preceding sections.

Sincerely,
SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ Thomas Laughlin
Thomas Laughlin

*Counsel for Plaintiffs Steven A. Monosson and Mark Whiting*

---

Matthew O. Solum, P.C.
Terence Y. Leong
KIRKLAND & ELLIS LLP

*Attorneys for Defendants Brookfield Asset Management, Inc., Brookfield Business Partners, L.P., Cyrus Madon, Jim Reid, and Denis Turcotte*

Richard B. Harper
David D. Sterling
BAKER BOTTS L.L.P.

*Attorneys for Defendants Teekay Offshore Partners, L.P., Teekay Offshore GP, LLC, William Utt, Ian Craig, Craig Laurie, David Lemmon, Walter Weathers, and Bill Transier*